IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS M. MOORE,**  CASE NO. 2:15-cv-2659

    **Petitioner,**

                                             **JUDGE EDMUND A. SARGUS, JR.**
                                             **Magistrate Judge Kemp**

v.

**WARDEN, NOBLE CORRECTIONAL
INSTITUTION,**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus on July 27, 2015. The case is now before the Court pursuant to its own motion to consider sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I. BACKGROUND

The following facts are taken from the Petition and from the history of Petitioner's case, which arises from the Franklin County Court of Common Pleas.

In 1991, Petitioner was indicted on six charges of rape involving a fifteen-year old victim. He was convicted and sentenced to a total of sixty to 150 years in prison (six consecutive terms of ten to 25 years). Petitioner appealed to the Tenth District Court of Appeals, which affirmed the conviction in an Opinion filed on July 14, 1992. *See State v. Moore*, 1992 WL 166117 (Franklin Co. App. July 14, 1992). The court overruled five

assignments of error, which alleged a violation of the Confrontation Clause, suggestive eyewitness identification, erroneous evidentiary rulings, error in not dismissing jurors allegedly prejudiced by improper prosecutorial conduct, and insufficiency of the evidence as to three of the six convictions. The Ohio Supreme Court affirmed that decision. *State v. Moore*, 69 Ohio St. 3d 1480 (July 6, 1994).

It does not appear that Petitioner filed any additional challenges to his conviction or sentence until 2012, although the docket sheet from the Franklin County Court of Common Pleas (http://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ caseSearch?xZsF8BTaSsks4ngNeBJd, accessed on August 20, 2015) seems to indicate that Petitioner was adjudged a sexual predator on May 16, 2000, and that he unsuccessfully appealed that adjudication. On May 14, 2012, Petitioner filed a Motion to Modify and Reduce Sentence, asking that his six 10-25 year sentences be changed to run concurrently. The State opposed the motion, arguing that the trial court lacked jurisdiction to grant it. The motion was subsequently denied. Petitioner then (on November 8, 2013) filed a motion to vacate his entire sentence, arguing that it was unlawful under the Double Jeopardy Clause. The State also opposed that motion, arguing that it was untimely, barred by *res judicata*, and meritless. The trial court denied the motion in an entry filed on April 16, 2014, finding that the issues which Petitioner raised could have been raised at trial or on appeal and that the motion was barred by *res judicata*.

Petitioner appealed. On February 5, 2015, the Tenth District Court of Appeals

affirmed. *State v. Moore*, 2015 WL 476299 (Franklin Co. App. Feb. 5, 2015). The Ohio Supreme Court denied review. *State v. Moore*, 142 Ohio St.3d 1478 (June 3, 2015). This federal habeas petition followed in short order. The petition alleges that the consecutive sentences imposed on Petitioner violated various constitutional provisions, including the Due Process and Double Jeopardy clauses, and that the state courts' reliance on *res judicata* as a basis for denying him relief is itself a due process violation. He also claims that he received ineffective assistance of counsel and that the trial court denied him a hearing on the issue of consecutive sentences. For the following reasons, the Court concludes that all of his claims are either time-barred or not cognizable in federal habeas corpus.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)the date on which the constitutional right asserted was initially

>recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on October 7, 1995, which was 90 days after the Ohio Supreme Court denied his appeal. At that point, the AEDPA had not been enacted. As a result, no statute of limitations began to run. After the AEDPA became law, prisoners such as Petitioner had one year from its effective date, or until April 24, 1997, to file a habeas corpus petition. *See Isham v. Randle,* 226 F.3d 691 (6th Cir. 2000). Petitioner did not do so. His current petition is more than eighteen years late.

    Petitioner might argue that his more recent filings somehow revived the statute of limitations, and that he had one year from the date of the most recent Ohio Supreme Court decision in his case to file this petition. That is simply incorrect. "'Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), *quoting Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998). The statute of limitations expired long before Petitioner filed his first collateral attack on his conviction, and the filing of his various motions in state court did not trigger the running of a new one-year period.

Petitioner raises one argument which, he might argue, could not have been raised within the limitations period - that the Ohio courts denied him due process by relying on *res judicata* as a basis for denying his motion to vacate his sentence. That is not a constitutional attack on his sentence or conviction, however. As this Court has held, "The writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *Richardson v. Moore*, 2007 WL 539641, *7 (S.D. Ohio Feb. 15, 2007), *aff'd* 384 Fed.Appx. 479 (6th Cir. July 2, 2010). And even if it were, there is no constitutional barrier to the use of *res judicata* as a basis for denying relief to someone in Petitioner's position. Courts have recognized, time and again, that Ohio's *res judicata* rules are sufficient to support, independently, a decision adverse to a party who seeks collateral review of a conviction or sentence by raising issues that were or could have been raised on direct appeal. *See, e.g., Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001)("application of res judicata under [Ohio law] is an adequate and independent state ground for barring habeas review of constitutional claims"). Consequently, even if this claim were viewed as timely, it would not provide any basis for relief.

Petitioner has set forth no facts suggesting that the statute of limitations should be equitably tolled, nor has he argued that he is actually innocent, a claim which can, under some circumstances, justify relief from the statute of limitations' time bar. *See Schlup v. Delo*, 513 U.S. 298 (1995). Consequently, this action should be dismissed as not

5

having been filed within the applicable limitations period which expired on April 24, 1997.

### III. CONCLUSION

Based upon the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED** as time-barred.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge